### In re CROWFORTH et al.

(Supreme Court, at Chambers. April, 1908.)

1. ELECTIONS—PRIMARY ELECTIONS—MARKED BALLOTS—CANVASS.

　　Under Primary Election Law, Laws 1898, p. 347, c. 179, § 8, subd. 1, providing that when, during the canvass of the vote, it shall be claimed a ballot was marked for identification, the inspectors shall note the objection on the back thereof, but the votes on each such ballot shall be counted by them as if not so objected to, the inspectors should not reject such ballots.

2. SAME.

　　Ballots at a primary election are not to be rejected as marked for identification, there being nothing but a small cross at the top on the inside, and nothing more appearing; the presumption being in favor of innocence.

In the matter of the application of Anderson Crowforth and others to review the action of George McDonald and others as primary election inspectors. Prayer of petition granted.

W. W. Storrs, for petitioner.

Wallace Dempsey and W. H. Vickery, opposed.

WHEELER, J. This is an application under the provisions of the primary election law to review the action of the board of inspectors of the Third Ward of the city of Lockport at a primary election of the Republican Party held in that city.

The facts in the case are undisputed. At the primary election in question two tickets were voted for by the Republican electors of the ward. Upon one of the tickets the name of the petitioner appeared; on the other ticket a different set of proposed delegates. For the purposes of this opinion we may designate one ticket the "Crowforth ticket" and the other the "Ashley ticket." For the Crowforth ticket 159 ballots were cast; for the Ashley ticket, 158 ballots. The ballots used were all printed in accordance with the requirements of the primary election law. Upon canvassing the ballots the inspectors discovered that two of the Crowforth ballots were marked on the face or inside of the ballots, at the top of each ballot, with a small cross in black pencil. The inspectors rejected these ballots as void and as marked for identification, and made their return to the county clerk, in which they certified that the Ashley ticket had received 158 votes and the Crowforth ticket 157. The two marked ballots were returned to the county clerk. Upon these facts the petitioner asks the review of the action of the board of inspectors, claiming the two ballots should have been counted and the result declared accordingly.

Upon the hearing before me the facts appeared as above stated and the disputed ballots were produced for inspection. The petitioner contends that there was nothing before the inspectors, or now before the judge, to show that the ballots were marked for purposes of identification, and that the inspectors had no right to reject them, but that the duties of the inspectors were limited to marking and returning the ballots as protested ballots, and that in their canvass the inspectors should have counted these protested ballots, thus giving the Crowforth ticket 159 votes. The respondents, on the other hand, contend that the ballots were properly rejected, and, even if the inspectors should have counted them in their canvass, that on this hearing the court should treat them as void as marked for identification.

We think it was the duty of the inspectors to have canvassed the protested ballots in the first instance and returned them simply as protested ballots. Subdivision 1 of section 8 of the primary election law (Laws 1898, p. 347, c. 179) provides, among other things, that:

"When a ballot is not void and a primary election inspector or a duly authorized watcher shall, during the canvass of the vote, declare his belief that any particular ballot has been written upon or marked in any way for the purpose of identification, the inspectors shall write on the back of such ballot, 'Objected to because marked for identification' and shall specify over their signatures upon the back thereof the mark or markings upon such ballot to which objection is made. The votes upon each such ballot shall be counted by them as if not so objected to."

This requirement of the law the inspectors failed to observe, but rejected the ballots protested, and marked them void. Their action in this regard threw the burden of instituting these proceedings on the wrong party. Nevertheless this court will endeavor now to dispose of the matter upon its merits. And the question is presented whether

the ballots should be counted or rejected. We think they should be counted, and we reach this conclusion from these considerations:

The crucial question to be determined is whether the two protested ballots were marked for identification. If they were so marked, they should be rejected; if not, they should be counted. We are cited to no adjudicated case where the facts here presented have been passed on, but the Appellate Division of this court, in the case of Matter of McDade, 43 App. Div. 303, 60 N. Y. Supp. 333, has enunciated some principles of law which, when applied to this case, are of very great aid and assistance. The court in the McDade Case said:

"The statute does not in express language prohibit the elector from voting a ballot which may be identified by an examination of the contents or inside of the ballot, or even from voting a ballot where, from such an examination, it may be absolutely determined that such ballot was cast by a particular elector." 43 App. Div. 312, 60 N. Y. Supp. 340.

The court then says, however, that any device or mark put upon a ballot for the purpose of identifying it would render such ballot illegal; but the court adds:

"It is believed, however, that such purpose must be proven as any other question of fact." 43 App. Div. 315, 60 N. Y. Supp. 341, citing People ex rel. Hasbrouck v. Board of Supervisors, 135 N. Y. 522, 32 N. E. 242.

In the latter case it was held that it was for the court to determine, under the circumstances of the particular case, whether the marks on a ballot were placed thereon for the purposes of identification. In the case now under consideration no evidence whatever beyond what appears on the face of the ballots themselves was offered by any party to this proceeding.

It is contended by the respondents that the marks would not have been placed on the ballots at all, had they not been placed there for the purpose of identification. On the other hand, the petitioner contends that it is clear that the persons casting these protested ballots were evidently laboring under the impression that it was necessary to place the cross mark on the ballot, the same as they did when voting at a general election and casting their official ballot. This explanation is very plausible, and appeals to the court under all the circumstances of this case. The marks in question were of the character, and appearance of those used in voting an official ballot at a general election, save there was absent the circle at the head of the party column. But, if it can be said that one explanation is as good as the other, the legal presumption always exists in favor of the innocence and legality of the transaction. The court will not indulge in any presumption that the voter was guilty of something forbidden by law; and, other things being equal, the court should solve the question of fact in favor of the proposition that the marks were placed on the ballot without the purpose of identifying it.

There is also another consideration, which must be given due weight, and that is that:

"A statute which restricts or impairs the right of an elector in the exercise of the elective franchise should be strictly construed in favor of the elector." Matter of McDade, 43 App. Div. 314, 60 N. Y. Supp. 333.

If possible, the expressed preference of the voter in favor of any candidate or set of candidates should be respected and given force. We think in this case the rule should be applied, and the preferences of the majority of voters at the primary election held in this district should be respected. These considerations have constrained us to hold that the ballots in dispute were not marked for identification and are entitled to be counted.

The prayer of the petition is therefore granted.